UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| ISRAEL OTTINGER,         )<br>                          )<br>        Plaintiff,         )<br>                          )<br>v.                        )<br>                          )<br>GREENE COUNTY DETENTION CENTER, )<br>                          )<br>        Defendant.        ) | No.:   2:16-CV-245-TAV-MCLC |

**MEMORANDUM OPINION**

This matter is before the Court on defendant Greene County Detention Center's Motion to Dismiss [Doc. 5], in which defendant moves to dismiss plaintiff's pro se complaint brought pursuant to 42 U.S.C. § 1983 because defendant is not a "person" that can be sued under § 1983. In the alternative, defendant argues that this matter should be dismissed because this Court lacks subject matter jurisdiction [Doc. 5 p. 2]. Plaintiff did not file a response and the time for doing so has now passed. E.D. Tenn. L.R. 7.1., 7.2.

**I.     BACKGROUND**

Pursuant to 42 U.S.C. § 1983, plaintiff, proceeding pro se, brought this civil rights action against defendant alleging that "[t]he detention center was negligent because they did not ensure [his] safety and physical well-being from other inmates" [Doc. 1 p. 1]. Greene County Detention Center is the only defendant named in the action.

**II.    STANDARD OF REVIEW**

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal standard, S*mith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004), requiring only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of

what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do," neither will "'naked assertion[s]' devoid of 'further factual enhancement[,]'" nor "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557).

In deciding a Rule 12(b)(6) motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, draw all reasonable inferences in favor of the plaintiff, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires th[is Court] to draw on its judicial experience and common sense." *Id.* at 679.

*Pro se* litigants "are held to less stringent [pleading] standards than . . . lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); s*ee also Haines v. Kerner*, 404 U.S. 519, 520 (1972). Yet, this Court's "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). "Neither [this] Court nor other

2

courts . . . have been willing to abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). For instance, federal pleading standards do not permit *pro se* litigants to proceed on pleadings that are not readily comprehensible. *Cf. Becker v. Ohio State Legal Servs. Ass'n*, 19 F. App'x 321, 322 (6th Cir. 2001) (upholding a dismissal of a *pro se* complaint containing "vague and conclusory allegations unsupported by material facts.").

**III.   ANALYSIS**

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he or she was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994). *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 688-90 (1978) (describing the meaning of "persons" under 42 U.S.C. § 1983).

Here, defendant is not a municipality or a part of a local government, but rather, a name—Greene County Detention Center—assigned to a building that houses inmates. Because Greene County Detention Center is not a "person" within the meaning of 42 U.S.C. § 1983, it cannot be treated as a separate legal entity subject to suit under the same. *See Shoemaker v. Greene County "Jail" Detention Center*, No. 2:07-CV-124, 2007 WL 2159295, at *1 (E.D. Tenn. July 26, 2007) ("The Greene County 'Jail' Detention Center is a building and not a 'person' who can be sued under § 1983."); *Seals v. Grainger County Jail*, No. 3:04-CV-606, 2005 WL 1076326 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail . . . is not a suable entity within the meaning of § 1983.").[1] Without a viable defendant, the action cannot survive.

---

[1] This Court need not address the alternative argument in Defendant's Motion to Dismiss.

**IV. CONCLUSION**

For these reasons, the Motion to Dismiss [Doc. 5] will be **GRANTED** and this case will be **DISMISSED**. The Clerk of Court will be **DIRECTED** to **CLOSE** the case.

AN APPROPRIATE ORDER WILL ENTER.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

4

Case 2:16-cv-00245-TAV-MCLC   Document 10   Filed 11/01/16   Page 4 of 4   PageID #: 33